IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VAN ETHRIDGE,<br><br>        Plaintiff,<br><br>v.<br><br>PRIME CONDUIT, a foreign corporation doing business in the State of Oklahoma,<br><br>        Defendant. | No. CIV-11-1350-L<br>(Oklahoma County Case<br> No. CJ-2011-7174) |

# **O R D E R**

On October 13, 2011, plaintiff filed this action in the District Court of Oklahoma County seeking damages based on defendant's alleged violation of Oklahoma's workers' compensation act and public policy. In his Petition, plaintiff alleges defendant terminated his employment and his company-sponsored health benefits while he was on temporary total disability ("TTD") due to a work-related injury. Plaintiff contends defendant did so in retaliation for his filing a workers' compensation claim and for retaining the services of an attorney. Petition at ¶ 19 (Doc. No. 1-2). On November 14, 2011, defendant removed the action to this court, alleging that the court has federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA"). Notice of Removal at ¶ 6.

This matter is before the court on plaintiff's motion to remand. Analysis of the jurisdictional issue begins with the concept that federal courts are courts of limited

jurisdiction and "there is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). As defendant removed the case based on federal question jurisdiction, that removal was proper only if the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In deciding whether plaintiffs' claims arise under federal law, the court is guided

> by the "well-pleaded complaint" rule, under which a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based" on federal law. The plaintiff's anticipation of a defense based on federal law is not enough to make the case "arise under" federal law. Nor is a defendant's assertion of a defense based on federal law, such as the federal preemption of the state law on which a plaintiff's claim is based, a proper basis for removal even if both parties agree that the only issue for decision in a case is the validity of a federal preemption defense. The plaintiff is the "master of the claim" and may prevent removal by choosing not to plead a federal claim even if one is available. Under the "artful pleading" doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim. Similarly, removal is permitted when the plaintiff's right to relief requires resolution of a substantial question of federal law.

Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (citations omitted).

Defendant contends removal was appropriate under the complete preemption doctrine. It argues the court has federal question jurisdiction under ERISA because

"Plaintiff has made claims that [defendant] wrongfully terminated ERISA compliant health coverage." Notice of Removal at ¶ 6.[1]

> The Supreme Court has recognized only a few federal statutes that so pervasively regulate their respective areas that they have complete preemptive force; ERISA is one. Section 502(a) of ERISA authorizes civil actions "(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. Under *Taylor*, a state-law suit that falls within the scope of this section may be removed to federal court via complete preemption.
>
> As to when a claim falls within the scope of ERISA § 502(a), the Supreme Court in *Aetna Health Inc. v. Davila* held:
>
>> [W]here the individual is entitled to such [claimed] coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and *where there is no other independent legal duty that is implicated by a defendant's actions*, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1222 (10th Cir.), *cert. denied*, 132 S. Ct. 574 (2011) (citations and footnote omitted) (emphasis added).

---

[1]The court questions whether this allegation – which is the sole allegation regarding jurisdiction in the Notice of Removal – contains sufficient facts to support an assertion that the benefit plan in question constitutes an ERISA plan. *See* Sipma v. Mass. Cas. Ins. Co., 256 F.3d 1006, 1009 (10th Cir. 2001) (five criteria must be established for a plan to fall within the scope of ERISA).

To determine whether plaintiff's claims fall within the scope of ERISA, the court must examine plaintiff's Petition[2] and the statute upon which his claims are based. Aetna Health Inc. v. Davila, 524 U.S. 200, 211 (2004). The Petition alleges that while he was on TTD, plaintiff received conflicting communications from defendant "notifying him that either his employment with [defendant] was being terminated, his company-sponsored group health benefits were being terminated or both." Petition at ¶ 11. Plaintiff claims that he was, in fact, terminated by defendant while he was on TTD and that, as a result, his health benefits ended. Id. at ¶ 19. He alleges defendant's actions violated Oklahoma's Workers' Compensation Code,[3] which provides:

> A. No employer may discharge or, except for nonpayment of premium, terminate any group health insurance of any employee because the employee has in good faith:
>
> 1. Filed a claim;
>
> 2. Retained a lawyer for representation regarding a claim . . .
>
> B. No employer may discharge any employee during a period of temporary total disability solely on the basis of absence from work.

---

[2]The court's analysis is hampered by the fact that defendant did not supply a complete copy of the Petition. The copy attached to the Notice of Removal is missing page 4.

[3]In his Petition, plaintiff cites 85 O.S. § 5. During the 2011 legislative session, however, Oklahoma's workers' compensation laws were revised; the revised laws became effective August 26, 2011, approximately seven weeks before plaintiff filed his Petition. While 85 O.S. § 5 (the section cited by plaintiff) was repealed, 85 O.S. § 341 is substantially identical to former section 5. Compare 85 O.S. § 5 with Laws 2011, ch. 318, § 41.

85 O.S. § 341.  Section 341 mandates that employers comply with legal duties independent of the terms of any ERISA plan.  Therefore, plaintiff's claims do not fall within the scope of ERISA, even if his employer's plan was an "ERISA compliant"[4] plan.  The court thus does not have federal question jurisdiction over this action, and defendant's removal on that basis was improvident.

In its response to plaintiff's motion to remand, defendant asks the court to permit it to amend its notice of removal "to set forth the jurisdictional requirements for diversity."  Defendant's Amended Response to Plaintiff's Motion to Remand to Oklahoma County District Court at 14 (Doc. No. 12).  While a defendant is free to amend its notice of removal within the thirty-day period set forth in 28 U.S.C. § 1446(b), amendments past that date may only be made in accordance with 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms in the trial or appellate courts."  28 U.S.C. § 1653.  This section, however, has been construed to permit only the correction of technical defects in a notice of removal; it does not provide a vehicle by which a defendant can assert a completely new ground for removal.  See Mason v. Thompson, 2006 WL 1134939 at *1 (W.D. Okla. Apr. 27, 2006); Muhlenbeck v. KI, LLC, 304 F. Supp. 2d 797, 800 (E.D. Va. 2004) ("leave to amend has not been granted where the court finds that a jurisdictional allegation is 'missing entirely' from the removal petition, or

---

[4]Notice of Removal at ¶ 6.

that the change proposed by the motion to amend the petition for removal would be 'material and substantial.'") ; Iceland Seafood Corp. v. Nat'l Consumer Co-op. Bank, 285 F. Supp. 2d 719, 727 (E.D. Va. 2003) (denied leave to amend that would change jurisdictional allegation from diversity to federal question).  Defendant's assertion of diversity jurisdiction – which is a completely new ground for removal – thus comes too late.  Moreover, defendant's allegations of diversity jurisdiction are inadequate as nowhere in the papers filed with the court is there an allegation of plaintiff's citizenship.[5]  Both the Petition and the Notice of Removal allege that plaintiff is a "resident of Oklahoma, County of Oklahoma."  Petition at ¶ 3; Notice of Removal at ¶ 5.  However, "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972).  For purposes of removal jurisdiction "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995); *see also* Martin v. Franklin Capital Corp., 251 F.3d 1284, 1291 n.4 (10th Cir. 2001).  Even if amendment of the notice of removal were proper in this case, defendant has still not affirmatively established diversity exists because there is no allegation of plaintiff's citizenship.

---

[5]Defendant would thus need to amend its notice of removal not only to allege the court had diversity jurisdiction, but also to allege defendant's principal place of business *and* plaintiff's citizenship.

Defendant, as the party seeking to invoke this court's jurisdiction, has the burden of establishing that the statutory requirements for such jurisdiction have been met. Martin, 251 F.3d at 1290. The court finds defendant has failed to meet its burden. Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As defendant has not established that the court has subject matter jurisdiction, remand to state court is required. Plaintiff's Motion to Remand to Oklahoma County District Court (Doc. No. 7) is therefore GRANTED. This matter is REMANDED to the District Court of Oklahoma County, Oklahoma.

It is so ordered this 7th day of February, 2012.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge